UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAVOGIA JACKSON,<br><br>                      Plaintiff,<br><br>-against-<br><br>ANTHONY J. ANNUCCI, ACTING COMMISSIONER OF DOCCS; DONALD VENETOZZI, DIRECTOR OF SPECIAL HOUSING UNIT, DOCCS; MICHAEL ROYCE, SUPERINTENDENT, GREEN HAVEN CORRECTIONAL FACILITY; ERIC GUTWEIN, HEARING OFFICER, GREEN HAVEN CORRECTIONAL FACILITY; D. DEEGAN, LIEUTENANT, GREEN HAVEN CORRECTIONAL FACILITY; R. ROSSI, SERGEANT, GREEN HAVEN CORRECTIONAL FACILITY; WILLIAM RIVERA, CORRECTION OFFICER, GREEN HAVEN CORRECTIONAL FACILITY; R. DAHL, CORRECTION OFFICER, GREEN HAVEN CORRECTIONAL FACILITY,<br><br>                      Defendants. | 20-CV-2008 (PMH)<br><br>ORDER OF SERVICE |

PHILIP M. HALPERN, United States District Judge:

      Plaintiff, currently incarcerated in Green Haven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs, retaliated against him for filing a grievance, and violated his rights in a disciplinary proceeding. By order dated April 13, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1]

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

**A.      Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Anthony J. Annucci, Donald Venetozzi, Michael Royce, Eric Gutwein, D. Deegan, R. Rossi, William Rivera, and R. Dahl through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Anthony J. Annucci, Donald Venetozzi, Michael Royce, Eric Gutwein, D. Deegan, R. Rossi, William Rivera, and R. Dahl, and deliver to the U.S. Marshal's Service all documents necessary to effect service.

Local Civil Rule 33.2 applies to this action. Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.

SO ORDERED.

Dated:   April 16, 2020
         New York, New York

_____
PHILIP M. HALPERN
United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Anthony J. Annucci, Acting Commissioner
   New York State Department of Corrections and Community Supervision
   Harriman State Campus
   1220 Washington Avenue
   Albany, New York 12226-2050

2. Donald Venetozzi, Director of Special Housing Unit
   New York State Department of Corrections and Community Supervision
   Harriman State Campus
   1220 Washington Avenue
   Albany, NY 12226-2050

3. Michael Royce, Superintendent
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

4. Eric Gutwein, Hearing Officer
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

5. Lieutenant D. Deegan
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

6. Sergeant R. Rossi
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

7. Correction Officer William Rivera
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010

8. Correction Officer R. Dahl
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582-0010