UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

LAVOGIA JACKSON,

                Plaintiff,

v.                                            **ORDER**

ANTHONY J. ANNUCCI, et al.,          20-cv-2008 (PMH)

                Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      By letter dated July 20, 2020, and filed via ECF on July 28, 2020, Plaintiff, who is proceeding *pro se* and *in forma pauperis*, seeks clarification regarding the service of Plaintiff's Complaint on Defendant Dahl and the timing requirements for Defendants to answer Plaintiff's Complaint. (Doc. 23).

      The Marshals effected service of Plaintiff's Complaint on Defendant Dahl on July 17, 2020. (Doc. 22). Defendants have 60 days to file a responsive pleading. *See* Fed. R. Civ. P. 12(a)(2–3). Therefore, no Defendant is in default as the Defendants time to answer has not yet run. (*See* Docs. 15–20, 22).

      Additionally, by letter dated July 14, 2020, and filed via ECF on July 22, 2020, Plaintiff requests that he be assigned *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney

volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

One consideration for the Court is whether Plaintiff's claims "seems likely to be of substance." *Hodge*, 802 F.2d at 60–61. This is "a requirement that must be taken seriously." *Id.* Given the early stages of this proceeding, the Court cannot determine at this time whether Plaintiff's claims are likely of substance. Accordingly, the Court denies Plaintiff's request without prejudice to renew the request at a later date.

                                              **SO ORDERED:**

Dated: New York, New York
        July 29, 2020

                                              _____
                                              Philip M. Halpern
                                              United States District Judge