UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

LAVOGIA JACKSON,

                              Plaintiff,

v.                                                **ORDER**

ANTHONY J. ANNUCCI, et al.,             20-cv-2008 (PMH)

                              Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      The Court is in receipt of Plaintiff's letter addressed to Chief Judge Colleen McMahon which was filed via ECF on September 1, 2020. (Doc. 29). Plaintiff is proceeding *pro se* and *in forma pauperis*. The Court construes Plaintiff's letter as a request that I recuse myself from this action. Plaintiff's request is denied.

      Pursuant to 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Based on a review of the docket, my impartiality cannot reasonably be questioned. The predicate for Plaintiff's recusal request appears to be based on a misunderstanding. Plaintiff asserts that the Marshal's served Defendants on April 16, 2020. (Doc. 29 at 2). However, as is evident from the docket, summonses were issued on April 16, 2020, but service was not effectuated at that time. Rather, six Defendants were served on June 6, 2020 (Docs. 15–20), and one Defendant was served on July 23, 2020 (Doc. 22). Thereafter, counsel for Defendants requested an extension of time to answer or move because counsel was on military leave. (Doc. 25). The Court granted counsel's request. (Doc. 26).

      Given these events, no impartiality or bias can be inferred, and recusal is not appropriate. *See Liteky v. United States*, 510 U.S. 540 (1994).

The Clerk is directed a mail a copy of this Order to Plaintiff at the address on the docket.

**SO ORDERED:**

Dated: New York, New York
September 4, 2020

_____
Philip M. Halpern
United States District Judge